IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARVIN STANLEY                                                               PLAINTIFF/RESPONDENT

V.                          NO.  2:07-CV-02118-JLH

STATE OF ARKANSAS                                                           DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petition for Declaratory Judgment (Doc. 1) filed October 18, 2007. The Petitioner was granted IFP status by order (Doc. 3) entered on October 18, 2007 but service of process has not been granted.

**Background:**

Petitioner, an inmate of the Arkansas Department of Correction, brings this action for Declaratory Judgment under 28 U.S.C. Section 2201.  He states that his Question of Law is "[D]oes the Fourteenth Amendment to the U.S. Constitution stand by and of itself as a treaty between the then Territory of Arkansas and the United States, of which the Petitioner enjoys third party beneficiary status?"

The Petitioner pled guilty to aggravated robbery, theft of property, commercial burglary, and aggravated assault in the Circuit Court of Marion county, Arkansas.  He was sentenced to 15 years in the Arkansas Department of correction on June 10, 1997.   The Petitioner filed a Petition for Habeas Corpus in the Western District of Arkansas, Harrison Division (3:01-cv-3093, Doc. 1) on November 6, 2001 challenging his guilty plea and alleging ineffective assistance of counsel. That case was ultimately dismissed with prejudice by Order (Doc. 13) entered February 11, 2002

as time barred.

The Petitioner appears to be contending in the present petition that the 14th Amendment was not properly ratified by the State of Arkansas.  He states that  "[A]t the time of ratification of the Fourteenth Amendment Arkansas was without equal suffrage in the Union". (Doc. 1, page 4) As a result the Petitioner contents that the "ratification of the Fourteenth Amendment by the 'so-called Confederate States' is a binding treaty between each individual Confederate State, properly authorized by the Reconstruction Act, and the United States Congress pursuant to its treaty making powers". (Doc. 1, page 4) He further contends that, if the ratification of the Fourteenth Amendment is the result of the treaty making power, he is entitled to the benefits of the treaty because he was an intended third party beneficiary of the treaty.

The Petitioner wants a "[D]eclaration by this Court that disqualifies the votes of the 'so-called Confederate States' as countable pursuant to the Ratification Process of Article V", and a "declaration by the court validating the treaty". (Doc. 1, page 5)

**Discussion:**

District courts have discretion to decide whether to entertain declaratory judgment actions: "any court of the United States ... **may** declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a) (emphasis added); see *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-97, 62 S.Ct. 1173, 1175-77, 86 L.Ed. 1620 (1942); *United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 261 (8th Cir.1994); and *BASF Corp. v. Symington* 50 F.3d 555, *557 (C.A.8 (N.D.),1995) This does not appear to be a proper case for the court to exercise its discretionary power to issue a declaratory judgment.

The Declaratory Judgment Act authorizes federal courts to declare the rights of interested parties "[i]n a case of actual controversy." 28 U.S.C. § 2201 . The requirement of an "actual

controversy" is imposed by Article III of the Constitution. See *Steffel v. Thompson*, 415 U.S. 452, 458, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974). In general, an actual controversy is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). *Diagnostic Unit Inmate Council v. Films Inc*. 88 F.3d 651, *653 (C.A.8 (Ark.),1996) *Lake Carriers' Assn. v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972).

The controversy must be definite and concrete touching the legal relations of parties having adverse legal interests. The questions presenting a controversy must not be abstract but must define issues which are concrete and specific. *Cass Cty. v. United States*, 570 F.2d 737, 740 (8th Cir.1978). A live dispute must exist between the parties at the time of the court's hearing. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). *Caldwell v. Gurley Refining Co.* 755 F.2d 645, *649 -650 (C.A.8 (Ark.),1985)

In this case the controversy is not concrete but abstract and no live dispute currently exist between the Petitioner and the State of Arkansas much less one of sufficient immediacy and reality to warrant the issuance of the declaratory judgment.

**Conclusion:**

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2201be dismissed with prejudice.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de**

**novo review by the district court.**

                                  /s/ J. Marschewski
                                  HONORABLE JAMES R. MARSCHEWSKI
                                  UNITED STATES DISTRICT JUDGE